LEE, P.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Advanced Medical Systems, Inc. (AMS), has been doing business on the Mississippi Gulf Coast since March 1999. The owner of AMS testified that AMS is called Advanced Medical for short. The business was incorporated on March 23, 2005. AMS sells durable medical equipment, but it does not sell pharmaceutical products.
¶ 2. Advanced Medical, Inc. (Advanced Medical), filed articles of incorporation on March 11, 2005. Shortly thereafter, Advanced Medical dissolved and reincorporated on June 30, 2005. Advanced Medical began doing business on the Mississippi Gulf Coast in July 2005. Advanced Medical sells respiratory and rehabilitation equipment, as well as pharmaceutical supplies. Both businesses sell wheelchairs and Continuous Positive Airway Pressure machines. Sometime after Advanced Medical began operating, AMS experienced problems caused by the similar names of the two companies, including loss of business and billing issues.
¶ 3. On June 22, 2006, AMS filed a complaint in the Harrison County Chancery Court for revocation, dissolution, or to force a change of corporate name against Advanced Medical: A trial was held in the Harrison County Chancery Court on January 19, 2007. The chancellor found that the phrase “Advanced Medical” as used by AMS had acquired a special significance and secondary meaning to the extent that the phrase had become a trade name. The chancellor subsequently entered her judgment enjoining Advanced Medical from using the name “Advanced Medical” as its business name on the Mississippi Gulf Coast.
¶ 4. Advanced Medical now appeals, asserting that the chancery court erred by permanently enjoining Advanced Medical from using the name “Advanced Medical.” Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. Our chancellors are vested with broad discretion, and this Court will not disturb the chancellor’s findings unless the chancellor was manifestly wrong, abused his or her discretion, or applied an erroneous legal standard. McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss.2000).
DISCUSSION
¶ 6. In the only issue on appeal, Advanced Medical argues that the chancellor abused her discretion in enjoining Advanced Medical from using the name “Advanced Medical.” Advanced Medical specifically contends that its business name was incorporated first and that AMS failed to provide adequate proof to support its claim. Although Advanced Medical is incorporated under the laws of this State, “that does not mean that it has the legal right to the unlimited use of that name.” Dollar Dep’t Stores, Inc. v. Laub, 238 Miss. 708, 717, 120 So.2d 139, 143 (1960). *426 In granting a charter to a corporation, this State is merely authorizing the use of the name, not determining the legal right in using the name. Meridian Yellow Cab Co. v. City Yellow Cabs, 206 Miss. 812, 829, 41 So.2d 14, 18 (1949). We find no merit to Advanced Medical’s argument that because it was incorporated first, it had the legal right to use the name “Advanced Medical.”
¶ 7. Regarding Advanced Medical’s other argument, we cannot find that the chancellor abused her discretion in finding that there was sufficient evidence of confusion between the parties’ identities and loss of business revenue by AMS. .AMS was required to show that the name “Advanced Medical” had acquired a special significance in the markets for the products it sold. See Laub, 288 Miss. at 714-15, 120 So.2d at 141-42. The chancellor noted that AMS had established a reputation on the Mississippi Gulf Coast and that “[t]he words ‘advanced’ and ‘medical’ when used together in that order have acquired the secondary meaning of [AMS’s] business, and thus have become [AMS’s] trade name.” The chancellor further found that the public was misled and that AMS was injured by Advanced Medical’s use of the name, and AMS was likely to suffer more harm in the future. See Meridian Yellow Cab Co., 206 Miss. at 826, 41 So.2d at 17. AMS showed lost business in sales of specific medical equipment, serious billing issues, and at least twenty-four instances of public confusion between the companies’ identities during a six-month period. We cannot find that the chancellor abused her discretion in enjoining Advanced Medical from using the name “Advanced Medical.” This issue is without merit.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.